IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOUIS ROBENSON,
    Plaintiff,

vs.                               3:09cv365/RV/MD

DAVID ELLIS, et al.
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a pleading entitled "Petition for Injunction for protection against Domest (sic) Violence, Repeat Violence and Sexual Violence Pursuant to Rule 65 Fed.R.Civ.Proc.," a supplemental affidavit, a memorandum of laws/rules and a motion for leave to proceed *in forma pauperis* (doc. 1, 2, 3, & 4). Plaintiff was directed to file a complaint on the proper court form, and ruling on plaintiff's *in forma pauperis* motion was deferred until the court could review his complaint in light of his status as a "three-striker" under 28 U.S.C. § 1915(g). Plaintiff has now filed his complaint, along with a petition "for remove of 3-Strik (sic) sanction," which was denied by separate order.

As plaintiff is aware, Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that plaintiff was recognized as a "three-striker" and was denied leave to proceed *in forma pauperis* for this reason in case 4:08cv562/RH/WCS. Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.* In this case, plaintiff complains of wrongs dating back to 1996

Plaintiff Robenson was sentenced to a term of life imprisonment in 1995 and remanded to the custody of the Department of Corrections in August of that year. He is currently incarcerated at the Santa Rosa Annex in Close Custody, although the complaint indicates that he has been housed in other facilities including Jackson, Washington, Okeechobee, and Charlotte Correctional Institutions as well as the Florida State Prison since that date. Plaintiff complains of myriad events dating back to 1996. He claims that family members attempting to visit him were turned away and that prison officials tampered with their vehicle in an apparent attempt to cause an accident. He claims that both incoming and outgoing mail was not properly delivered. He asserts that he was the victim of 2 brutal beatings and a sexual assault in March of 2008, that false disciplinary reports were written against him, that cases he filed in state court were improperly dismissed, that he has been forced to take psychotropic drugs against his will, including by means of a stomach tube, that corrections officials forced inmates to stab one of their own over 18 times in June of this year. Plaintiff asserts that he was sprayed continuously with chemical

agents for over 30 minutes in June of 2007 and that in July of 2007, psychotropic drugs were administered via injection, and he was left in a cold cell with no clothing or bedding for an unspecified amount of time. Plaintiff contends that he has filed several successful complaints or petitions in state and federal courts, which agitates and incites the defendants "to rage more domestice (sic) violence repeat violence and sexual violence" against him. Plaintiff seeks damages for physical injuries, losses and damages along with damages for psychological suffering and punitive damages.

Plaintiff's allegations do not show that he is in imminent danger of serious bodily injury from the named defendants. Of the twelve named defendants, all of whom are DOC employees, only one, Warden David Ellis, works at Santa Rosa Correctional Institution, where plaintiff is currently incarcerated. There are no allegations against Warden Ellis specifically, and thus there are certainly none that would support a finding that plaintiff is in imminent danger of serious bodily injury. Plaintiff's allegations with respect to the other defendants clearly seek only to redress past harm. His claims of misconduct on the part of correctional officers and officials, even if true, do not entitle him to proceed *in forma pauperis* in this case. A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Likewise, plaintiff's transfer from the institution where the majority of the named defendants were employed would moot any claims for injunctive relief against these defendants. *Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir. 2007) (generally, transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief; prisoner's release and return to prison meant claim was not moot); *Zatler v.Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987)(claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief")

The law is clear that a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, based on the foregoing, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's complaint be dismissed without prejudice to refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 23rd day of September, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:09cv365/RV/MD*